## RAY E. DOERNER et al v. STATE TAX COMMISSION

Mr. Donald A. Dole, Roseburg, Oregon, argued the cause for plaintiff.

Mr. Alfred B. Thomas, Assistant Attorney General, Salem, Oregon, argued the cause for defendant.

Decision for defendant rendered June 3, 1966.

Edward H. Howell, Judge.

The Douglas County Board of Equalization has filed this suit to set aside defendant's order approving valuations assigned by the Douglas County Assessor to agricultural lands on the 1965-66 assessment roll.

A brief statement of the background of the issue concerning the valuation of agricultural land in Douglas County is necessary.

Prior to the present reappraisal, the last reappraisal of farmlands in Douglas County was conducted between 1957 and 1960. A fifteen percent increase in the assessed valuation of Douglas County lands was made in 1962. In 1963 and 1964, a market study of

sales and a reappraisal of agricultural lands was conducted by the assessor resulting in new values being assigned for the assessment date January 1, 1965. These values were substantially higher than the values used for previous years and several hundred appeals were filed with the Board of Equalization.

The board, meeting in May 1965, pursuant to ORS 309.040, rejected the values used by the assessor on the 1965-66 assessment roll. However, the board, recognizing that an increase in the values of farmlands was merited, ordered an increase of ten percent in agricultural values over the amounts used on the assessment roll for the previous year, 1964.

In conducting the reappraisal the assessor followed his prior procedure of classifying agricultural lands based on soil classes ranging from the best tillable land to the lowest rangelands. For 1965 the assessor used the same farmland classifications but raised the value per acre based upon his sales study. The board, at its May 1965 meeting, approved the classification system used by the assessor but stated that the assessor had used sales that were speculative in nature instead of representative or open market sales. The greatest increase in values over the 1964 assessment roll was reflected in the lowest classification of farmlands. This increase apparently was influenced by out-of-state demand for this type of property in Douglas County.

After the board had rejected the values used by the assessor for the 1965 assessment roll, the assessor appealed to the defendant commission pursuant to ORS 306.515. The commission found that the values used by the assessor were supported by his sales study, his ratio study (which is a comparison of assessed values to sales prices and which was submitted to the com-

mission) and by an independent ratio study conducted by personnel of the tax commission in 1964 and completed in 1965. In approving the values used by the assessor, the commission noted that certain sales used by both the assessor and the commission should not have been included in the ratio studies but that in general the assessor's valuations were a "reasonably accurate analysis." The commission order stated that any individual injustices could be rectified by individual appeals as in any other property valuation case.

The choice confronting the court lies between approving the action taken by the board of equalization or approving the action of the tax commission and the county assessor. There are valid criticisms of each action.

The plaintiffs argue, with some validity, that the assessor's sales study and the ratio study were not correct because improper valuations were given to improvements on the property sold resulting in a distorted residual land value; that some farm sales included personal property in the gross sales price; that deductions for deciduous plants allowed under ORS 307.320 and reproduction timber allowed under ORS 321.615 were improperly computed and that the ratio study included some ineligible sales, including sales between relatives which should have been excluded under the tax commission Reg. 309.028 (C). These constitute the primary criticisms of the assessor's studies.

Neither was the tax commission satisfied with the assessor's ratio study. Mr. Miller, in charge of assessment ratio studies for the commission, conducted the independent ratio study of farm sales for the commission. In doing so he considered 73 farm sales

and used only 39 of the sales listed in the assessor's ratio study. The level of assessment, the percentage of assessed value to sales price, under the assessor's 1964 ratio study was 16 percent and under the tax commission's study it was 21.5 percent. According to the tax commission's study the level of assessment based on the action of the board of equalization would be 14.4 percent. Also, according to the tax commission's study, the board's level of assessment would have to be increased 71 percent in order to reach the required 25 percent ratio of assessed value to true cash value. However, the tax commission's study is vigorously challenged by the plaintiffs on the basis it fails to consider the correct value of improvements in finding the residual land values.

On the other hand, the ten percent blanket increase allowed by the board of equalization over the 1964 farmland valuations will create certain inequities in cases where no increase is justified.

Moreover, it would appear from the testimony that the board of equalization in rejecting the assessor's study felt that more consideration should be given to sales involving economic units or income-producing farms than sales in the market place as used by the assessor and the tax commission.

Counsel for plaintiffs, with commendable frankness, agree that a perfect result cannot be achieved in any reappraisal process. Too many variables such as the ones mentioned herein are involved. While the tax commission was not satisfied with all the sales included in the assessor's ratio study, Mr. Miller did testify that there would be no substantial difference in the result considering the proper sales in the assessor's study compared to his own and using 1965 assessed valuations.

■ This court concurs in the order of the tax commission finding that the valuations determined by the Douglas County Assessor substantially achieve uniformity between agricultural lands and other property in Douglas County. It also concurs in the commission's statement that where individual injustices occur under the assessor's valuations or classifications, such individual cases may be corrected by a review through the ordinary channels.

The order of the tax commission is affirmed.

Costs to neither party.